IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| K.P., by and through her legal parent and natural guardian, Vicki Peoples; VICKI PEOPLES, individually; J.B., by and through his legal parents and natural guardians, Luz Marina Avila and Roberto Medina; LUZ MARINA AVILA, individually; and ROBERTO MEDINA, individually;<br><br>    Plaintiffs,<br><br>    v.<br><br>WAL-MART STORES, INC., and PACIFIC CYCLE, INC.,<br><br>    Defendants. | Case No. 1:07-CV-00205 |

## OPINION AND ORDER

This matter is before the Court on the Motion for Name Change (Docket # 27) filed by Defendant Wal-Mart Stores, Inc. Although the motion appears to be unopposed, it is unclear what the Defendant is seeking or what it believes to be the legal basis for granting the motion.

As far as we can tell, the present Defendant, "Wal-Mart Stores, Inc.," apparently wants to be dropped from this action in favor of "Wal-Mart Stores East, LP." Stated simply, however, this does not appear to be a mere name change to correct something like a scrivener's error, as if that were the case, we would expect that Plaintiffs would file a motion to amend their complaint. Rather, the present motion appears to want a court order that would drop the present corporate Defendant in favor of an entirely different legal entity.

Therefore, although the present motion is devoid of any legal citation, what the present Defendant wants is to be dropped from this case under Federal Rule of Civil Procedure 21 and Wal-Mart Stores East, LP, added as an indispensable party under Federal Rule of Civil

Procedure 19(a).  The problem, however, with simply adding Wal-Mart Stores East, LP, to this lawsuit under Rule 19(a)(1), or any other procedural rule for that matter, is that we need to know at a minimum if this potentially new party will, in the words of Rule 19(a)(1), "deprive the court of subject matter jurisdiction . . . [.]" Fed. R. Civ. P. 19(a)(1).

As the Seventh Circuit has repeatedly observed, "a limited partnership has the citizenships of each partner, general and limited." *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) ("There is no such thing as 'a [state name] limited partnership' for purposes of the diversity jurisdiction.  There are only partners, each of which has one or more citizenships."); *see also Hart v. Terminex Int'l*, 336 F.3d 541, 544 (7th Cir. 2003).  Thus, a court "need[s] to know the name and citizenship(s) of [the] general and limited partners." *Guar. Nat'l Title Co.*, 101 F.3d at 59; *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 320-21 (7th Cir. 2002). This type of jurisdictional disclosure means that "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson*, 312 F.3d at 320; *see also Ind. Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 316 (7th Cir. 1998) ("[B]oth general and limited partnerships are citizens of every jurisdiction of which any partner is a citizen.").

Accordingly,  to discuss these matters, and in particular whether adding Wal-Mart Stores East, LP, would destroy diversity jurisdiction under 28 U.S.C. § 1332(a)(1), the motion is set for a telephone hearing for December 20, 2007, at 3:30 p.m.  Counsel for Wal-Mart is to initiate the call to the Court and counsel.  SO ORDERED.

Entered this 14th day of December , 2007.

                                                S/Roger B. Cosbey
                                                Roger B. Cosbey
                                                Magistrate Judge
                                                U.S. District Court, Northern District of Indiana