UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **K.P., et al.,** ) | |
| ) | |
|     **Plaintiffs,** ) | |
| ) | |
|     v. ) | CAUSE NO.  1:07-CV-205 |
| ) | |
| **WAL-MART STORES, INC., et al.,** ) | |
| ) | |
|     **Defendants.** ) | |

## OPINION AND ORDER

Before the Court are four stipulations by the parties seeking approval of four proposed protective orders. (Docket # 32-35.)  As the proposed orders contain major defects, they will each be DENIED.

Federal Rule of Civil Procedure 26(c)(7) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999).  However, the protective orders submitted by the parties provide no basis for finding good cause.  Instead, the orders contain expansive definitions of confidential information lacking in all specifics.

To explain, the proposed orders, which seek to protect information beyond the discovery phase of the proceedings, are impermissibly broad.  They provide that either Defendant "may designate as 'protected' or 'subject to protection agreement' . . . any portion of its responses or documents produced that contain trade secrets or other confidential research development or commercial information or which is otherwise considered protected under applicable law, including vendor agreements and claims made against [either Defendant]." (Proposed Protective Order ¶ 1.)  Under *Cincinnati Insurance*, a protective order must only extend to "properly

demarcated categor[ies] of legitimately confidential information." *Cincinnati Insurance*, 178 F.3d at 946; *see also MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998).  Here, the Court is not satisfied that the parties know what information constitutes "protected" information. *See Cincinnati Insurance*, 178 F.3d at 946.

Furthermore, the proposed orders endeavor to cause documents that "contain" protected information to be filed under seal (*see* Proposed Stipulated Protective Order ¶¶ 1, 5), rather than solely protecting the actual confidential material. *See Cincinnati Insurance*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document).

Indeed, if the Court were to approve these orders, Defendants would be left with a "virtual carte blanche . . . to seal whatever portions of the record the party wanted to seal." *Id*. at 944.  The Seventh Circuit has repeatedly held that such overly broad protective orders are invalid. *See, e.g., id.* at 945 (noting that a broad protective order granting carte blanche discretion to a party is invalid).

Furthermore, the proposed orders make no effort to specify why the purported protected materials are confidential and could be used by third parties to Defendants' detriment.  "[M]erely

2

asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. March 28, 2003) (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002)).

Finally, *Cincinnati Insurance* specifies that a protective order may only issue if the order "makes explicit that either party and any interested member of the public can challenge the secreting of particular documents." *Cincinnati Insurance*, 178 F.3d at 946. Here, the proposed orders contain no such language.

"Obtaining a protective order in an appropriate case need not be a[n] onerous task. But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2. Of course, the parties may submit a revised protective order consistent with the requirements of Rule 26(c)(7) and Seventh Circuit case law, but what has been submitted thus far is inadequate.

For these reasons, the Court hereby DENIES approval of the four proposed protective orders (Docket # 32-35) submitted by the parties. SO ORDERED.

Enter for this 9th day of January, 2008.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

3